## CLARK v. DONALDSON.

*Reference — admission by referee of testimony subject to objection.*

Where evidence which was objected to was admitted by a referee subject to objection, and the referee never decided the objection, but no objection was taken to the course of the referee, *held*, that the party objecting to the evidence must be deemed to have assented to the course of the referee, and there was no error within the case of *Sharpe* v. *Freeman*, 45 N. Y. 802.

APPEAL by plaintiff from a judgment in favor of defendant entered upon the report of a referee.

The action was brought by Thomas C. Clark against James Donaldson for rent of a stable.

*W. P. Richardson* and *John A. Foster*, for appellant.

*Francis Tillou*, for respondent.

DAVIS, P. J.

The question involved was principally of fact. The only material point passed upon in the opinion is fully given in the headnote.

*Judgment affirmed.*

## SECOND DEPARTMENT.

### GENERAL TERM, DECEMBER, 1874

## PORTER v. PARKS.

*Evidence — letters from agent to principal — Objection — when general sufficient.*

Letters from an agent to his principal cannot be given in evidence against a third person.
When evidence is necessarily and obviously improper a general objection is all that is required.

MOTION by defendant for a new trial after a verdict for plaintiff directed by the court upon a case and exceptions ordered to be heard in the first instance at the general term.

The action was brought by Mary C. Porter against William M. Parks and another to recover the value of fifty shares of railroad stock alleged to have been converted by defendants.

*Van Winkle, Candler & Jay,* for plaintiff.

*F. F. Marbury, Jr.,* and *F. F. Marbury,* for defendants.

BARNARD, P. J.

The only points of any importance passed upon in the opinion are fully given in the head-note.

> *Judgment reversed and new trial granted.*

---

## PORTER v. PARKS.

Upon a motion to correct a case after settlement, *held,* " I know of no practice which will justify this court at general term correcting the case as settled on motion."

MOTION to correct case. The motion was made in the action last mentioned.

BARNARD, P. J.

The head-note contains the entire opinion.

> *Motion denied.*

---

## RAYNOR v. PAGE.

*Evidence — in action to set aside fraudulent conveyance.*

In an action by a judgment creditor of P. to set aside as fraudulent a transfer of real estate by the judgment debtor to his wife, it was claimed by defendant that the wife paid the consideration named in the deed, and a witness for defendant testified that he loaned her the money and as security took a mortgage on the house belonging to her, and subsequently took a deed of part of the disputed property in satisfaction of the mortgage. *Held,* that a question by plaintiff whether witness held that deed as a mortgage or as absolute was proper.

APPEAL by plaintiff from a judgment in favor of defendants entered upon the report of a referee.